INTERNATIONAL HARVESTER COMPANY OF AMERICA, Appellant, vs. HOLMES, Respondent.

*April 24—May 15, 1917.*

*Guaranty: Note secured by chattel mortgage: Subsequent agreement between mortgagor and mortgagee: Power of sale: Application of payments.*

1. The rights of a guarantor of one of several notes secured by a chattel mortgage could not be impaired or diminished by any contract made between the mortgagor and the mortgagee subsequent to the making of the guaranty.

2. A chattel mortgage gave the mortgagee power, in case of a default in payment of any of the notes secured thereby, to declare the whole debt due and to take and sell the property. Without

attempting to proceed under such power, the mortgagee, after two of the four notes secured had become due, procured from the mortgagor an agreement authorizing him to sell the property and apply the proceeds upon any of the notes without affecting liability on the others. *Held*, that as against a guarantor of one of the notes already due such agreement was of no effect, and that the proceeds of a sale thereunder must be applied upon the notes in the order of their maturity.

3. When a debtor makes a payment without application the creditor cannot apply the amount of the payment to a debt not due, to the exclusion of one due or overdue.

APPEAL from a judgment of the circuit court for Polk county: W. B. QUINLAN, Judge. *Affirmed.*

Action against guarantor on promissory note. The plaintiff on August 28, 1912, sold to one Sidney Samples a traction engine and a set of gang plows for $1,900. To secure payment of the purchase price plaintiff took from Samples a chattel mortgage upon the engine and plows to secure four notes for $475 each, all dated August 28, 1912, due, respectively, on the 1st day of December, 1912, 1913, 1914, and 1915. The sale was made through the defendant as agent of the plaintiff, and on August 28, 1912, the defendant, by writing indorsed upon the back of the second note, guaranteed the payment thereof, but he did not indorse or guarantee the other notes. Samples took possession of the property, plowed about seventy acres of land, and then came to the conclusion that he would be unable to pay for the outfit, and some time in the fall asked the defendant to resell it. Pursuant to that request the defendant endeavored to sell the engine to one Daniel H. Gray, and at the request of the defendant the plaintiff's salesman, a Mr. Gill, procured from Gray a conditional contract for the purchase and sale of the engine. Thereafter Gray canceled the contract, as he might do, and purchased another engine from the plaintiff. Defendant claims that he had an agreement with Mr. Scott, one of plaintiff's agents, to the effect that if defendant should sell the machine for $1,150 he should be released from liability

on his guaranty. After the attempted sale to Gray the plaintiff company repaired the engine and procured from Samples a bill of sale of the property which authorized the plaintiff to sell the property at public or private sale and provided that the proceeds of the sale should be applied as a credit on the indebtedness owing from Samples to the plaintiff, described the notes, and contained this further agreement:

"It is further specially agreed by and between the parties that the delivery of said personal property to and the sale of the same by second party [plaintiff] shall in no manner relieve or release first party [Samples] from liability for payment of any of his said indebtedness upon said notes that may remain unpaid after the net proceeds of the sale of said personal property has been credited as aforesaid; and it is further agreed that the net proceeds realized from the sale of said personal property may be applied by second party on either or all of said notes as said second party may elect, and the application of any money thus received will be considered as a voluntary payment of said first party on said note or notes as of the date on which the said personal property is sold."

The engine was sold for $900 and the gang plow for $250. Thereafter plaintiff brought suit against defendant on his guaranty of the second note. The jury found that the reasonable market value of the traction engine and plow bottoms in May, 1913, was $1,450. It appeared without dispute that Samples had paid upon the first note $250. Judgment was entered for the defendant dismissing plaintiff's complaint, from which judgment plaintiff appeals.

For the appellant the cause was submitted on a brief signed by *C. C. & A. E. Coe* of Barron.

For the respondent there was a brief by *Kennedy & Yates* of Amery, and oral argument by *W. T. Kennedy*.

Rosenberry, J. It is contended that the judgment should be affirmed (1) because defendant was released on account of

the sale to Gray; (2) that the property was sold contrary to sec. 2316a, Stats., relating to the sale of personal property taken by virtue of a chattel mortgage; and (3) that defendant was released by the provisions of sub. (3) and (4a) of sec. 1679—1, Stats.

"(3) By the discharge of a prior party;"
"(4a) By giving up or applying to other purposes collateral security applicable to the debt, or, there being in the holder's hands or within his control the means of complete or partial satisfaction, the same are applied to other purposes."

The first and second contentions may be dismissed without further consideration than to say that sale in fact was not made to Gray and therefore the contract was not complied with, and (2) that no property was taken under the terms of the chattel mortgage, and therefore the procedure relating to the sale and disposition of property taken under a chattel mortgage has no application.

Plaintiff claims that the matter of the application of the payments is governed by *Northern Nat. Bank v. Lewis,* 78 Wis. 475, 47 N. W. 834, and *First Nat. Bank v. Finck,* 100 Wis. 446, 76 N. W. 608. Respondent contends that it is governed by the principles applied in *Jenkins v. Gunnison,* 50 Wis. 388, 7 N. W. 256, 423.

In disposing of this question two things must be taken as clearly established: (1) that the rights of the defendant as guarantor could not be impaired or diminished by any contract made between the mortgagor and the mortgagee subsequent to the time of the making of the guaranty, and (2) that at the time of the sale of the property, which was by the terms of the contract, to the extent of the proceeds of the sale, to be a voluntary payment by the mortgagor, none but the first and second note was due. There is no direct evidence as to what application, if any, the plaintiff made of the proceeds of the sale. Assuming, however, that the bringing of this suit upon the note guaranteed by the defendant is equiv-

alent to the application of the proceeds of the sale upon the remaining notes of the series, the question arises, Could the plaintiff apply the voluntary payment made by the mortgagor to the notes not yet due, to the prejudice of the guarantor of the note which was then past due?

By the terms of the mortgage the plaintiff had power to declare the whole debt due and to enter upon the premises and take and sell the property. There is no evidence in the case that plaintiff proceeded or attempted to proceed under this clause of the mortgage. The evidence is that the matter was adjusted under the terms of the bill of sale hereinbefore referred to. The plaintiff not having proceeded under the mortgage to declare the amount of the debt due, the contract contained in the bill of sale is of no effect against the defendant, and we must treat the matter as if the maturity of the debt is determined by the terms of the notes to secure the payment of which the chattel mortgage was given. There is no dispute that when a debtor makes a payment without application a creditor cannot apply the amount of the payment to a debt not due, to the exclusion of one due or overdue. 30 Cyc. 1237 and cases cited; *Cain v. Vogt*, 138 Iowa, 631, 116 N. W. 786. Therefore as against the defendant the plaintiff was bound to apply the proceeds of the voluntary payment to the notes in the order of their maturity. Upon making such application the note guaranteed by the defendant must be held to be paid and the defendant discharged.

*By the Court.*—Judgment affirmed, with costs.